UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

1:09CR 15

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **SECOND CONSENT ORDER AND** |
| | ) | **JUDGMENT OF FORFEITURE** |
| ALEXANDER KLOSEK, | ) | |
| Defendant. | ) | |

BASED UPON the defendant's second plea of guilty[1], and finding that there is a substantial nexus between the property listed below and the offense to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1.    The following property is forfeited to the United States pursuant to 18 U.S.C. § 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

**The sum of approximately $7,000,000.00 in proceeds;**

**All funds, including but not limited to $286,783.57, in Wachovia Account XXXXXXXXX5189, such account held in the name of Pinnacle Fiduciary & Trust Group;**

**All funds, including by not limited to $292,350.09, in Ameritrade Account XXXXX9117, such account held in the name of Pinnacle Fiduciary & Trust Group;**

**All funds, including but not limited to $407,469.67, in Tradestation Account XXXX3339, such account held in the name of Pinnacle Fiduciary & Trust Group;**

**All funds, including but not limited to $3,106.21, in Tradestation Account XXXX1607, such account held in the name of Pinnacle Fiduciary & Trust Group;**

---

[1] Defendant has acknowledged that he breached his first plea agreement in *United States v. Klosek* (Case No. 1:09CR59, Dkt. 10) and the Government has acknowledged that the Government will move to dismiss the first Bill of Information in 1:09CR59 (Dkt. 1). Upon dismissal of the first Bill of Information, the first Consent Order and Judgment of Forfeiture (Dkt. 15) issued by Judge Voorhees will lack legal basis. Thus, the parties advise the Court that this new Consent Order and Judgment of Forfeiture is necessary and merited by the second Bill of Information and second Plea Agreement. In any event, the parties intend to request at sentencing in front of Judge Voorhees that the Judge order forfeiture as part of the sentence pursuant to *this* Consent Order, and *not* the first Consent Order at Docket 15.

**All funds, including but not limited to $533.01, in Tradestation Account XXXX0487, such account held in the name of Pinnacle Fiduciary & Trust Group;**

**All funds, including but not limited to $1,290.39 in Tradestation Account XXXX2607, such account held in the name of Pinnacle Fiduciary & Trust Group FBO International Mineral Exchange;**

**All funds, including but not limited to $2,948.00, in Fidelity Account XXXXX1681, such account held in the name of Pinnacle Fiduciary & Trust Group;**

**All funds, including but not limited to $3,632.00, in Fidelity Account XXXXX1681, such account held in the name of Pinnacle Fiduciary & Trust Group; and**

**Any and all interest of Alexander Klosek in the following businesses:**

> **Certified Estate Planners, LLC;**
>
> **Pinnacle Fiduciary and Trust Group a.k.a. Pinnacle Advisory Group;**
>
> **Silverado Financial Group, LLC;**
>
> **Titan Composites Incorporated;**
>
> **International Mineral Exchange;**
>
> **Wild Kingdom Trust;**
>
> **Knights of Valhalla Trust; and**
>
> **International Titanium Corporation.**

2.      The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above specifically identified property;

3.      The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the specifically identified property, and shall publish notice of this forfeiture as required by law;

4.      Any person, other than the defendant, asserting any legal interest in the specifically identified property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5.      Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered.   If no third party files a timely petition, this order shall become the final

order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law. To the extent that this consent order constitutes a $7,000,000 forfeiture money judgment, this order is a final money judgment;

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c). In addition, the Government stipulates that the U.S. Attorney's Office for the Western District of North Carolina will request that the Attorney General exercise his authority, pursuant to 21 U.S.C. § 853(i), to restore any forfeited property in this case to victims identified in a restitution order issued against Defendant and that the Government will pursue the forfeiture money judgment only to the extent that victim restitution is still outstanding in this case. The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.


EDWARD R. RYAN
UNITED STATES ATTORNEY

_____
Benjamin Bain-Creed
Special Assistant United States Attorney

_____
Alexander Klosek
Defendant

_____
S. Frederick Winiker, III, Esq.
Attorney for Defendant


Signed this the 10th day of February, 2010.


_____
UNITED STATES JUDGE